UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID L. LETTIERI,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL MEDICAL CENTER DEVENS, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 4:25-cv-40134-JDH<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER
ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

HEDGES, M.J.

David Lettieri, who is confined at Federal Medical Center ("FMC") Devens, filed this action against FMC Devens and related entities and individuals, alleging that they mishandled his mail and threatened to transfer him to another correctional institution after he filed a grievance concerning the matter. Mr. Lettieri also filed a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the motion is denied without prejudice. Mr. Lettieri is directed to pay the $405 filing fee in its entirety or show good cause why he should not be required to do so.

**I.    FACTS AS ALLEGED BY MR. LETTIERI**

On June 6, 2025, Lettieri received a letter from the Clerk of the United States District Court for the Western District of Texas concerning his request for a docket sheet. Docket No. 1 ¶ 1 & at 6-7. The envelope clearly bore the return address of the Clerk and a stamp stating, "SPECIAL MAIL Open only in the presence of inmate." *Id.* ¶ 3 & at 6. However, the defendants wrongfully claimed it was not legal mail. *Id.* ¶ 5.

1

Months earlier, on March 27, 2025, Lettieri had tried to file a grievance concerning the same issue. *Id.* ¶ 6. At that time, prison officials threatened that he could be transferred to a different prison if he continued to file grievances. *Id.* ¶ 7. Since that meeting, Mr. Lettieri has feared being transferred to a more dangerous prison, where, because of a problem with his vocal cords, he would be unable to yell for help if he were stabbed. *Id.* ¶¶ 7-8. Mr. Lettieri "has not done any informal resolutions" since the March 27, 2025 meeting. *Id.* ¶ 8.

Mr. Lettieri filed his complaint, which asserts a variety of claims under the U.S. Constitution and Massachusetts common and statutory law, in the Western District of Texas on August 15, 2025. Docket No. 1. Mr. Lettieri seeks damages and any other "proper, equitable [relief] the courts may see fit and proper." *Id.* at 5. Because Mr. Lettieri alleges that the events underlying his complaint occurred at FMC Devens, which is situated in Devens, Massachusetts, the case was transferred to this Court on August 27, 2025. Docket No. 4.

## II. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The fee for filing a non-habeas civil action consists of a $350 statutory fee, *see* 28 U.S.C. § 1914(a), and a $55 administrative fee. Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* (that is, without prepayment of the filing fee) if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. *Id.*; *see also Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent

danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.").

Mr. Lettieri has, while incarcerated, filed more than three actions in federal district courts that were dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Lettieri v. Daniels*, No. 23-cv-00867, Docket No. 3 (W.D.N.Y Oct. 16, 2023); *Lettieri v. Reynolds*, No. 23-cv-00925, Docket No. 4 (W.D.N.Y. Oct. 17, 2023); *Lettieri v. Northeast Ohio Corr. Ctr.,* No. 23-cv-01690, Docket No. 5 (N.D. Ohio Nov. 22, 2023); *Lettieri v. Federal Marshals*, No. 23-cv-01872, Docket No. 6 (N.D. Ohio Nov. 30, 2023); *Lettieri v. New York State Troopers*, No. 23-cv-02077, Docket No. 4 (N.D. Ohio Nov. 21, 2023); *Lettieri v. Northeast Ohio Corr. Ctr.*, No. 23-cv-02172, Docket No. 14 (N.D. Ohio Dec. 11, 2023). Indeed, another session of this Court has already determined that Mr. Lettieri is a "three strikes" litigant. *Lettieri v. Santander Bank N.A.*, No. 24-cv-10361-AK, Docket No. 4 (D. Mass. Mar. 15, 2024). The United States Court of Appeals for the First Circuit has come to the same conclusion. *See Lettieri v. Santander Bank N.A.*, No. 24-1781, slip op. (1st Cir. June 18, 2025) (dismissing the appeal because Lettieri had "not paid the appellate filing fee in full and ha[d] not shown why the appeal should be permitted to proceed without payment of the full filing fee despite his 'three-strikes' status").

Thus, Mr. Lettieri may not proceed without prepayment of the filing fee unless he plausibly pleads that he is "under imminent danger of serious physical injury" vis-à-vis his claim. He has not done so here. The defendants' alleged mishandling of Mr. Lettieri's legal mail does not put Mr. Lettieri under imminent danger of serious physical injury. Further, any physical injury he might suffer if he is transferred to another prison is speculative and not imminent.

### III.     CONCLUSION

Accordingly, for the reasons set forth above, Mr. Lettieri's motion for leave to proceed *in forma pauperis*, Docket No. 2, is DENIED without prejudice.  If Mr. Lettieri wishes to procced with this action, he must, within 28 days, pay the $405 filing fee or show good cause why he should not be required to do so.  Failure to do so may result in dismissal of this action by a District Judge.

SO ORDERED.

/s/Jessica D. Hedges<br>United States Magistrate Judge

DATED:  October 29, 2025