**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DAVID LETTIERI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION** |
| ) | **NO. 25-40134-MRG** |
| **FEDERAL MEDICAL CENTER** ) | |
| **DEVENS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**
**April 24, 2026**

**GUZMAN, D.J.**

*Pro se* plaintiff David Lettieri, who is confined at FMC Devens, brings this action against

FMC Devens and related entities and individuals, alleging that they mishandled his mail and

threatened to transfer him to another correctional institution after he filed a grievance concerning

the matter.  Lettieri also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 2.  For

the reasons set forth below, the Court DISMISSES this action.

## I.    Background

This case was initially assigned to Magistrate Judge Jessica D. Hedges.  On October 29,

2025, Judge Hedges entered an order, ECF No. 7, denying Lettieri's motion for leave to proceed

*in forma pauperis* without prejudice because Lettieri had, on three or more prior occasions, filed

an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or

failed to state a claim upon which relief may be granted and he had not plausibly pled that he

was "under imminent danger of serious physical injury" vis-à-vis his claim.  28 U.S.C.

§ 1915(g).  Judge Hedges found that the "defendants alleged mishandling of Mr. Lettieri's legal

mail does not put Mr. Lettieri under imminent danger of serious physical injury," and that "any physical injury he might suffer if he is transferred to another prison is speculative and not imminent." ECF No. 7 at 3. Judge Hedges stated that, if Lettieri wished to proceed with this action, he was required to pay the $405 filing fee or show good cause why he should not be required to do so. Judge Hedges stated that failure to do so within twenty-eight days could result in dismissal of this action by a District Judge.

On November 17, 2025, Lettieri filed an objection to Judge Hedges order, ECF No. 9, and the case was reassigned to a District Judge. Under the Federal Rules of Civil Procedure, when a Magistrate Judge issues a non-dispositive pretrial order, "a party may serve and file objections to the order within 14 days after being served with a copy" of the order, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

In his objection, Lettieri argues that he is in imminent danger of serious physical injury based on allegations that were not included in his complaint:

> Since the filing the plaintiff [has] been denied medical treatment which coughing up blood at times don't have blood work done to see about blood cancer when be requesting, and denied to do grievances.

> The plaintiff also in the past because of the complaint that at hand was thrown in special housing unit for fifty-eight days which had been assault to where the plaintiff wrist was bleeding was always denied any type of medical attention when requested and was coughing up blood then too so there is "imminent danger" since the legal mail issue is an ongoing process and the plaintiff does apologize for not fully detailing such but when the complaint will be like an indictment the plaintiff tries to be careful of surplus of fact to not be overwhelming.

> Thus, the in forma pauperis should be granted because it means the ongoing danger of "imminent danger."

ECF No. 9 at 1-2 (spelling standardized).

2

## II.    Discussion

Nothing in Judge Hedge's order is clearly erroneous or is contrary to law.  Lettieri does not challenge Judge Hedges' conclusion that, while incarcerated, he has filed three or more on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted.  Her conclusion that Lettieri did not show he is in imminent danger of serious injury with regard to his allegations in the complaint is sound.  Indeed, in objecting Judge Hedges' order, Lettieri does not rely on factual allegations that Judge Hedges could have considered.  Rather, he introduces alleged events he chose not to include in his complaint or that occurred after the commencement of this action.

In addition, the Court finds that even considering Lettieri's new allegations, he does not plausibly plead that his claims concerning interference with his legal mail and restrictions on his ability to file grievances place him in imminent danger of serious physical injury.

## III.    Conclusion

Accordingly, this action is DISMISSED without prejudice for failure to pay the filing fee.  Should Lettieri wish to pursue the claims set forth in his complaint, he may commence a new action and pay the $405 filing fee.  The complaint would be subject to an initial screening pursuant to 28 U.S.C. § 1915A.

**So Ordered.**

 /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 24, 2026

3